UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHIMON WARONKER,

                              Plaintiff,                       **REPORT AND RECOMMENDATION**

       -against-                                           18-cv-393 (DRH)(SIL)

HEMPSTEAD UNION FREE SCHOOL
DISTRICT, BOARD OF EDUCATION OF THE
HEMPSTEAD SCHOOL DISTRICT, DAVID B.
GATES, in his individual and official capacity,
RANDY STITH, in his individual and official
capacity, LAMONT E. JACKSON, in his
individual and official capacity, PATRICIA
WRIGHT, in her official capacity as Clerk of the
Hempstead School District,

                              Defendants.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Defendants' Hempstead Union Free School District, the Board of Education of the Hempstead School District, David B. Gates, Randy Stith, Lamont E. Jackson and Patricia Wright ("Defendants") Motion for Attorneys' Fees against Plaintiff Shimon Waronker ("Plaintiff" or "Waronker"), pursuant to 42 U.S.C. § 1988. *See* Docket Entry ("DE") [68]. For the reasons set forth herein, the Court respectfully recommends that Defendants' motion be denied.

**I. BACKGROUND**

By way of Complaint and Proposed Order to Show Cause filed on January 19, 2018, Plaintiff commenced this action against Defendants, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, specifically under the First and Fourteenth

1

Amendments of the U.S. Constitution and state whistleblower protections, as well as for breach of contract. *See* Complaint ("Compl."), DE [1], ¶ 1; Proposed Order to Show Cause, DE [3]. Plaintiff alleged that, in response to his communications with law enforcement agencies and the Hempstead community in an attempt to rectify perceived corruption within the school district, Defendants retaliated, placing him on administrative leave of absence with pay, in violation of his constitutional rights. *See* Compl. ¶¶ 145-52. Waronker filed a Proposed Order to Show Cause in conjunction with his Complaint, seeking a temporary restraining order ("TRO") restoring him to his position. *See* DE [3]. After subsequent hearings, the Court denied the TRO, holding that Plaintiff failed to state a claim upon which relief could be granted. *See* January 30, 2018 Minute Entry. On April 16, 2018, Defendants filed their motion to dismiss the Complaint. *See* DE [35]. Discovery continued following the briefing of the motion to dismiss. *See* February 2, 2018 Order, holding "discovery in this matter should proceed irrespective of any motion to dismiss."

On January 16, 2019, Judge Hurley granted Defendants' motion to dismiss Plaintiff's Complaint, and denied Plaintiff's request to supplement his opposition and to amend the Complaint. *See* DE [47]. Plaintiff timely appealed to the Second Circuit on February 15, 2019, *see* DE [50], and on November 7, 2019, that Court affirmed Judge Hurley's decision in its entirety. *See* DE [56]. Defendants filed the instant motion on May 22, 2020, *see* DE [68], which Judge Hurley referred to this Court for Report and Recommendation. *See* August 17, 2020 Order Referring Motion. For the reasons below, the Court recommends denying the motion.

2

## II. DISCUSSION

Defendants seek an award of attorneys' fees totaling $305,745.93. *See* Affirmation of Jonathan L. Scher, Esq., in Support of the Defendants' Motion for Attorneys' Fees, DE [68-1], ¶ 237. As an initial matter, the Court notes that "[u]nder the bedrock principle known as the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. General Revenue Corp.*, 568 U.S. 371, 382, 133 S.Ct. 1166, 1175, 2013 WL 673254, at * 6 (Feb. 26, 2013) (citations and internal quotation marks omitted); *see also Fox v. Vice*, 563 U.S. 826, 832, 131 S.Ct. 2205, 2213 (2011); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 130 S.Ct. 1662, 1671 (2010). "Notwithstanding the American Rule, however, . . . federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx*, 568 U.S. at 382, 133 S.Ct. at 1175, 2013 WL 673254, at *6. "Federal law [also] authorizes a court to award a reasonable attorney's fee to the prevailing party in certain civil rights cases," *Fox*, 563 U.S. at 829, 131 S.Ct. at 2211; *see* 42 U.S.C. § 1988, including suits brought under Section 1983, *see id.* at 832-33, 2213; *see also Lefemine v. Wideman*, 568 U.S. 1, 4, 133 S.Ct. 9, 11 (2012), and Section 1985, *see LeBlane–Sternberg v. Fletcher*, 143 F.3d 765, 769 (2d Cir. 1998). Different standards for awarding attorney fees pursuant to Section 1988 apply depending upon whether the prevailing party is the plaintiff or the defendant. *See Fox*, 563 U.S. at 833, 131 S.Ct. at 2213.

Under Section 1988, a prevailing defendant may recover attorney fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978); *see also Fox*, 563 U.S. at 829, 131 S.Ct. at 2211 ("[A] defendant may receive [] an award [of attorney's fees] if the plaintiff's suit is frivolous"); *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (quoting *Christiansburg*, 434 U.S. at 417, 98 S.Ct. at 698); *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006) ("[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so" (quoting *Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 701)); *Santiago v. Victim Servs. Agency of Metro. Assistance Corp.*, 753 F.2d 219, 221 (2d Cir. 1985) ("A prevailing defendant who seeks attorney's fees [under Section 1988] must demonstrate that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. This burden is placed on the defendant because the plaintiff in a civil rights action is the chosen instrument of Congress to vindicate a policy of the highest national priority.") (citations and internal quotation marks omitted), *overruling on other grounds recognized by Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mang't. Dist.*, 71 F.3d 1053 (2d Cir. 1995). This heavier burden is placed upon defendants to ensure that the policies in favor of encouraging private citizens to vindicate constitutional rights are balanced with those aimed at deterring frivolous or vexatious lawsuits. *See*

4

*Minnich v. Gargano*, No. 00 CIV. 7481 (HB), 2002 WL 727026, at *2 (S.D.N.Y. Apr. 23, 2002).

"A claim is frivolous where it lacks an arguable basis either in law or in fact." *Carrillos v. Inc. Vill. of Hempstead*, 87 F. Supp. 3d 357, 385 (E.D.N.Y. 2015) (quoting *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (internal quotation marks omitted)). "The determination as to whether a claim was frivolous, unreasonable, or groundless is not a purely factual inquiry. Questions as to what allegations were made and what evidence was presented are questions of fact; but the determination as to whether the claims were frivolous, unreasonable, or groundless requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law." *LeBlanc–Sternberg*, 143 F.3d at 770. As set forth above, although "[a] prevailing defendant need not show bad faith by a plaintiff to be entitled to attorneys' fees, . . . such a showing provides an even stronger basis for the award." *Panetta*, 460 F.3d at 399 (internal quotations and citation omitted); *see also Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) ("Though a showing that the plaintiff acted in bad faith will further support an award under section 1988, the determination generally turns on whether the claim itself is clearly meritless.").

That being said, courts in the Second Circuit should be careful in the award of attorney fees to victorious defendants in civil rights actions. *See Rounseville*, 13 F.3d at 632 (internal citations and quotation marks omitted) (noting that the Second Circuit is "hesitant to award attorney's fees to victorious defendants in section 1983 actions"). "[T]he fact that a plaintiff may ultimately lose his case is not in itself a

5

sufficient justification for the assessment of fees in favor of the defendant." *LeBlanc-Sternberg*, 143 F.3d at 770 (quoting *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178) (1980) (per curiam)) (internal quotation marks omitted). Indeed, the Supreme Court has cautioned that courts must not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22, 98 S.Ct. at 700; *see also Carter v. Inc. Vill. of Ocean Beach*, No. 07 CV 1215 SJF ETB, 2013 WL 816257, at *2–3 (E.D.N.Y. Mar. 4, 2013), *aff'd*, 759 F.3d 159 (2d Cir. 2014). Where a plaintiff's position is very weak but not without foundation, a district court abuses its discretion by awarding fees. *See Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004).

In the instant case, Defendants have not met their burden of demonstrating their entitlement to attorneys' fees. Although they are prevailing parties, this Court does not find that Waronker's claims were so frivolous as to warrant the relief Defendants seek. *See McGriff v. Municipal Housing Auth. for City of Yonkers*, 2007 WL 3143706, at *3 (S.D.N.Y. 2007) ("Although plaintiff fails to state a claim, the court does not believe that her claim was so frivolous as to warrant an award of fees."). Defendants argue that they are entitled to attorneys' fees pursuant to Section 1988 because: "(1) the Plaintiff's claim was brought in bad faith; and (2) the Plaintiff continued to litigate this Action after it was clear the Plaintiff's claims were groundless." Defendants' Memorandum of Law in Support of Defendants' Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988 ("Def. Mem."), DE [68-137], 2.

6

Specifically, Defendants argue that Waronker manufactured a claim for First Amendment retaliation, had actual knowledge that he breached his own contract and had advance knowledge that disciplinary action against him was possible, as well as that Plaintiff knew or should have known that his claims were "groundless" based upon Judge Hurley's denial of his request for a TRO. *See id.*, 3-4, 12-14. The Court disagrees.

Initially, there is no evidence to suggest that Waronker's claims were frivolous or brought in bad faith. To argue, in essence, that Plaintiff brought this action to halt possible disciplinary action or the loss of his job does not, in and of itself, demonstrate frivolity. Plaintiff, acting on this basis in other circumstances, may have stated a viable claim.

Further, Plaintiff's claims being dismissed on the pleadings does not mean that his claims were unreasonable or frivolous. *Tancredi*, 378 F.3d at 230 (finding that a Section 1983 claim was not frivolous under Section 1988, even though the Court had dismissed the claim under F.R.C.P. 12(b)(6), adding that even if "[h]indsight proves that plaintiff['s] allegation[s]" were "very weak," even weak enough to warrant dismissal upon a 12(b)(6) motion, it does not mean that they were "completely without foundation"); *see also Panetta*, 460 F.3d at 399 (upholding the denial of attorneys' fees to prevailing defendant even where allegations were "perhaps very thin"); *Opoku v. Cty. of Suffolk*, 123 F. Supp. 3d 404, 412–14 (E.D.N.Y. 2015).

Here, the issue was whether the allegedly protected speech, which addressed public corruption, was made pursuant to Plaintiff's official duties. This issue is

7

complex, and has consistently been a source of litigation. *See, e.g., Lane v. Franks*, 573 U.S. 228, 134 S. Ct. 2369 (2014) (community college employee's speech was "citizen speech" on a matter of public concern, and therefore eligible for First Amendment protection); *Garcetti v. Ceballos*, 547 U.S. 410, 410, 126 S. Ct. 1951, 1953 (2006) (holding that "[w]hen public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline"). That the allegations here ultimately failed hardly warrant a fee award. To hold otherwise would chill future plaintiffs asserting First Amendment claims in the future, an outcome the caselaw warns against.

In reaching this conclusion, the Court notes that while Judge Hurley held that Plaintiff failed to set forth any cognizable federal claims, he recognized Waronker's allegations concerning "the deeply troubling [claims] brought against the School District and the Board, both with regards to their conduct toward Plaintiff as well as the long history of apparent corruption and neglect in the discharge of their duties." *See* DE [47], 17-18. Waronker's own explanation as to his motive further demonstrates the lack of frivolity on his part, as he cites his belief that Defendants' actions "intensely impacted children and the community." *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988, DE [69], 4-5; 17-18.

Moreover, Defendants' argument that Plaintiff should have withdrawn his claims upon the denial of his request for a TRO because such denial established the

8

groundlessness of his claims also fails. Were this Court to accept Defendants' assertions in this context, all plaintiffs who believe their claims will be bolstered by discovery despite the denial of a TRO would be at risk of being responsible for their adversaries' fees. That Defendants are so sure "discovery was not going to change the outcome" does little to dissuade the Court from holding that Waronker, acting in good faith, brought claims he believed were supported by the law and would be supported by future discovery. Accordingly, the Court concludes that Defendants have failed to meet their stringent burden that Plaintiff's claims rose to a level of frivolity such that attorneys' fees are appropriate, and recommends that Defendants' motion for attorneys' fees be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendants' motion for attorneys' fees be denied.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

9

Dated:        Central Islip, New York
                January 14, 2021

                                                   <u>/s/ Steven I. Locke</u>
                                                   STEVEN I. LOCKE
                                                   United States Magistrate Judge