UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHIMON WARONKER,

                      Plaintiff,

- against -

HEMPSTEAD UNION FREE SCHOOL DISTRICT, BOARD OF EDUCATION OF THE HEMPSTEAD SCHOOL DISTRICT, DAVID B. GATES, in his individual and official capacity, RANDY STITH, in his individual and official capacity, LAMONT E. JACKSON, in his individual and official capacity as Clerk of the Hempstead School District,

                      Defendants.
----------------------------------------------------------------X

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

2:18-cv-393 (DRH) (SIL)

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation of Magistrate Judge Steven I. Locke, dated January 14, 2021 (the "R&R") [DE 73], recommending that the Court deny the captioned Defendants' motion for attorneys' fees. Defendants filed objections on January 28, 2021, Plaintiff responded on February 25, 2021, and Defendants replied on March 4, 2021. For the reasons stated below, Defendants' objections are OVERRULED IN PART, the R&R is ADOPTED IN PART and Defendants' motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The Court adopts the R&R's Background Section, to which no objection is lodged. (R&R at 1–2). In brief, Plaintiff alleged Defendants' retaliation against him violated his constitutional rights and his New York state whistleblower protections, as well as breached their contract. (*Id.*). Plaintiff sought a temporary restraining order ("TRO") simultaneously with the filing of his Complaint. (R&R at 2 (citing [DE 3])). The Court denied the TRO and later granted Defendants' motion to dismiss for failure to state a claim upon which relief could be granted. (*Id.* (citing Memorandum & Order dated Jan. 16, 2019 ("MTD Order") [DE 47][1])). Plaintiff appealed to the Second Circuit, who affirmed the Court's dismissal in its entirety, and later unsuccessfully petitioned for a writ of certiorari to the Supreme Court. (*See id.*). Defendants seek to recover attorneys' fees incurred in defeating Plaintiff's case. [DE 68].

Magistrate Judge Locke found Plaintiff's claims not "so frivolous as to warrant the relief Defendants seek" and therefore recommends the Court deny the request in its entirety. (R&R at 6). Defendants raise five objections: the R&R (1) applied the wrong standard; (2) "ignored this Court's holding following argument" on the TRO; (3) disregarded documentary evidence of frivolousness; (4) relied on "incomplete or inappropriate statements"; and (5) failed to "address the costs awarded to the

---

[1] The MTD Order is published at *Waronker v. Hempstead Union Free Sch. District*, 2019 WL 235646 (E.D.N.Y. Jan. 16, 2019).

Defendants from the Second Circuit." (*See* Def.'s Objections to the R&R ("Def. Obj.") [DE 74]).

## DISCUSSION

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b).

### I. Standard for Attorneys' Fees

Defendant argues "the R&R should be overruled for failing to examine all of the required bases" applicable to an award of attorneys' fees pursuant to 42 U.S.C. § 1988. Def. Obj. at 4. Specifically, Defendant states that the R&R "did not address the 'groundless' standard." *Id.* To the contrary, the R&R specifically addressed and rejected Defendants' argument on groundlessness: "Defendants' argument that Plaintiff should have withdrawn his claims upon the denial of his request for a TRO because such denial established the groundlessness of his claims also fails." R&R at 8–9. Moreover, the Supreme Court has "point[ed] out that the term 'meritless' is to be understood as meaning groundless or without foundation." *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421–22 (1978) (holding plaintiff' action must be "frivolous, unreasonable, or without foundation"). Hence, the R&R uses "groundless," "frivolous," and the like interchangeably. *E.g.*, R&R at 5.

District courts may award attorneys' fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg*, 434 U.S. at 421. Defendants' first objection here merely restates its motion to dismiss arguments. Def. Obj. at 6.  For example, because Plaintiff was "placed on administrative leave of absence with pay," and not terminated, no liberty interest was implicated. *Id.* at 6. While this contention succeeded on the dismissal motion, it alone is not enough to win attorneys' fees.  To hold otherwise is to say "that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christianburg*, 434 U.S. at 421–22.  The Supreme Court expressly warns against engaging in this kind of "*post hoc* reasoning."  *Id.*  Defendants' first objection is overruled.

## II.     The Court's Holding Following Argument on the TRO

Defendant next objects that the R&R failed to recognize that Plaintiff continued to litigate his claim despite being told, with the denial of the TRO, that he had no federal claims. Def. Obj. at 7–8.  Boiled down: "the Plaintiff was told his claims were groundless on January 30, 2018 (the date the Plaintiff's application for [a TRO] was denied), yet he pursued discovery, forced the Defendants to make a motion to dismiss, appealed the Court's decision to the Second Circuit, and filed a Writ of Certiorari with the United States Supreme Court." *Id.* at 8.

Defendants overread the Court's ruling on the TRO.  The transcript demonstrates that the Court's decision was for "the purposes of the present [TRO]

motion" only. Tr. of Proceedings at 57:23–24, 59:14–15, 62:19–20, 78:21–22, Ex. 33 ("TRO Hearing Tr.") [DE 68-33] to Aff. of Jonathan L. Scher, Esq. [DE 68-1]. That is, the Court made no "specific determination as to the merits" beyond a likelihood of success. *LaRouche v. Kezer*, 20 F.3d 68, (2d Cir. 1994).

The Court's denial of the TRO did not have any preclusive effect on the subsequent motion to dismiss – neither as law of the case or otherwise. The standard on a TRO and the standard on a motion to dismiss are very different. *Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, 2017 WL 6459464, at *8 (E.D.N.Y. Dec. 15, 2017) ("The showing required for [a TRO] is higher than one to overcome a motion to dismiss."). For example, the Court must "accept as true the well-pleaded allegations in" the Complaint on a motion dismiss, but not for a TRO. *KDH Consulting Grp. LLC v. Iterative Cap. Mgmt.*, 2020 WL 2554382, at *5 (S.D.N.Y. May 20, 2020). TROs require "a showing of the likelihood of success on the merits," which is "a more rigorous standard than [the] plausibility" standard on a motion to dismiss. *Kraus USA, Inc. v. Magarik*, 2020 WL 2415670, at *6 n.7 (S.D.N.Y. May 12, 2020). To say "the Court denied the Plaintiff's [TRO] because . . . the Plaintiff had no federal claims, as a matter of law" misunderstands the Court task on a TRO. Def. Obj. at 9. The Court's TRO denial does not mark a point in time beyond which continued litigation is frivolous, and Defendants cite no case with such a holding.

The Court reiterates with approval Judge Locke's final thoughts in the R&R's Discussion Section:

> Defendants' argument that Plaintiff should have withdrawn his claims upon the denial of his request for a TRO because such denial established the groundlessness of his claims also fails. Were this Court to accept Defendants' assertions in this context, all plaintiffs who believe their claims will be bolstered by discovery despite the denial of a TRO would be at risk of being responsible for their adversaries' fees.

R&R at 8–9. The law is not as unforgiving as Defendants would have it. Defendants' second objection is overruled.

### III. Documentary Evidence of Frivolousness

Defendants' third objection asserts that Plaintiff knew from the outset that the action was frivolous given "the long-standing precedent binding upon this Court" as to Plaintiff's three federal claims. Def. Obj. at 13–22. Defendants are correct that binding precedent established the insufficiency of Plaintiff's allegations to state a claim. *See* MTD Order. To award attorneys' fees on this basis, however, would be to give into the "understandable temptation to engage in *post hoc* reasoning" noted above. *Christiansburg*, 434 U.S. at 421–22.

Even where "[h]indsight proves the plaintiff's allegation . . . was very weak," courts have not awarded victorious defendants attorneys' fees. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004); *see also Sista v. CDC Ixis N.A., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006) ("Although the claim of racial discrimination in this case is very weak, we agree with the District Court that it is not so frivolous as to warrant an award of attorneys' fees." (internal citation and quotation marks omitted)); *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006). "'The fact that a

plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees' in favor of the defendant." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

The Supreme Court's observation here is important: "[T]he course of litigation is rarely predictable. . . . *The law may change or clarify in the midst of litigation.*" *Christiansburg*, 434 U.S. at 421–22 (emphasis added). Often, that change in the law may occur as a result of a party's efforts in litigation – which may sometimes require inviting Supreme Court review. Def. Obj. at 8 (detailing the Plaintiff's efforts to obtain Second Circuit and Supreme Court review); *cf. Patterson v. McLean Credit Union*, 485 U.S. 617, 617 (1988) ("It is surely no affront to settled jurisprudence to request argument on whether a particular precedent should be modified or overruled."). To chill civil rights plaintiffs from doing so (say, by awarding Defendants' attorneys' fees) would only impede "the chosen instrument of Congress to vindicate a policy of the highest national priority." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (internal quotation marks omitted) (quoting *Santiago v. Victim Servs. Agency of Metro. Assistance Corp.*, 753 F.2d 219, 221 (2d Cir. 1985)).

Defendants' reliance on the Fourth Circuit decision in *Hutchinson v. Staton*, 994 F.3d 1076 (4th Cir. 1993), does not persuade the Court. Def. Obj. at 19. Unlike here, the *Hutchinson* plaintiff "alleged a two-county-wide election-rigging conspiracy worthy of an Oliver Stone screenplay." *Id.* at 1081. Defendants' third objection is overruled.

## IV. The R&R's Reliance on "Incomplete or Inappropriate Statements"

Defendants' fourth objection targets the R&R's invocation of this Court's closing thoughts on the motion to dismiss as well as reasoning proffered by Plaintiff in opposition to the motion for attorneys' fees. *See* R&R at 8 (quoting MTD Order at 17–18). Defendants suggest the R&R "placed disproportionate emphasis" on "the equivalent of dicta" and unsworn assertions from "Plaintiff's counsel, not the Plaintiff." Def. Obj. at 22–23. The Court observes that the R&R did not rely on the Court's expressed concerns to reach its recommendation; the R&R merely "notes" the concerns. R&R at 8.

Section 1988(b) affords the Court "discretion" to award attorneys' fees to a prevailing party. 42 U.S.C. § 1988(b). This discretion comports with "essential goal in shifting fees (to either party) [] to do rough justice" and permits the Court to "take into account [its] overall sense of a suit." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Though both this Court and the R&R reach their conclusions independent of the concerns, they offer a view into our "overall sense" of the suit. *See Fox*, 563 U.S. at 838. Such concerns are real. Counting the R&R, this is the fourth time in which the Court shares them with the parties. TRO Hearing Tr. at 78:17–21 ("I am concerned as I'm sure everybody in this room is with the progress or the lack of progress that is being made in the school district in Hempstead . . . ."); MTD Order at 17–18 ("Notwithstanding the deeply troubling allegations brought against the [Defendants], both with regards to their conduct toward Plaintiff as well as the long history of apparent corruption and neglect in the discharge of their duties . . . ."); R&R at 8.

Nevertheless and putting aside its concerns, the Court agrees with the R&R's conclusion: Defendants have not met their burden to show Plaintiff's claims were frivolous, unreasonable, groundless, or without foundation. R&R at 9. Defendants' fourth objection is overruled.

## V. Costs Awarded by the Second Circuit

Defendants' fifth objection concerns the R&R's failure to consider a request, first made in Defendants' Reply Memorandum of Law, for "$245.00 due and owing . . . pursuant to the Second Circuit's award of costs." Def. Obj. at 24 (quoting Defs.' Mem. of Law in Further Support at 3 [DE 70-12]). Arguments and requests for relief raised for the first time on reply are considered waived and need not be considered. *E.g.*, *Castro v. Holder*, 597 F.3d 93, 95 n.2 (2d Cir. 2010). As such, Judge Locke appropriately declined to address the request.

Arguments made for the first time on reply often "preclude[e] the [nonmovant] from offering a meaningful response." *See Markes v. Metro. Life Ins. Co.* 1999 WL 325401, at *3 (internal quotation marks omitted) (quoting *Mercer Tool Corp. v. Friedr. Dick GmbH*, 179 F.R.D. 391, 398 (E.D.N.Y. 1998)). Regular consideration of untimely arguments "would encourage the raising of new arguments in a reply." *Mayer v. Neurological Surgery, P.C.*, 2016 WL 347329, at *4–5 (E.D.N.Y. Jan. 28, 2016).

In the same vein, issues not considered by a magistrate are ordinarily not considered by the district court, even if objections are lodged. *E.g.*, *Lombardi v. Choices Women's Med. Ctr. Inc.*, 2017 WL 1102678, at *1 (E.D.N.Y. Mar. 23, 2017)

("A court will not 'ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" (quoting *Santiago v. City of New York*, 2016 WL 5395837 at *1 (E.D.N.Y. Sept. 26, 2016))).

Here, Defendants objected on this issue, giving Plaintiff an opportunity to respond. Plaintiff offers no argument in opposition, mentioning in a footnote that "Defendants' last objection is that the [R&R] did not address the costs awarded by the Second Circuit to the defendants." Pl. Opp. at 7 n.2. "[W]hen an appeal is dismissed, or it results in an affirmation of the judgment below, costs are automatically taxed to the appellant." *Genger v. Sharon*, 2014 WL 12935372, at *2 (S.D.N.Y. Nov. 10, 2014) (citing Fed. R. App. P. 39(a)(1)–(2)); *e.g.*, *Blue v. Cablevision Sys., N.Y.C. Corp.*, 2007 WL 1989258, at *1 (E.D.N.Y. July 5, 2007). "[T]he awarding of the appellate costs listed in [Federal Rule of Appellate Procedure] 39(e)(1)–(4) to a prevailing party under (a)(1), (2), or (3) is essentially a ministerial task, specifically entrusted under the Rule 39 to the lower court." *Chapman v. ChoiceCare Long Island Long Term Disability Income Plan*, 2007 WL 1467146, at *14 (E.D.N.Y. May 16, 2007), *aff'd sub nom.* 2009 WL 39892 (2d Cir. Jan. 8, 2009). As such, Defendants are entitled to $245.00. *See* Statement of Costs [DE 60].

## CONCLUSION

For the reasons discussed above, Defendants' objections are OVERRULED IN PART. The Court ADOPTS IN PART the reasoning in the R&R. Defendants' motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. The Clerk of Court

is directed to amend the judgment and award Defendants $245.00 in costs.  *See* Judgment [DE 48].

**SO ORDERED.**

Dated: Central Islip, New York           s/ Denis R. Hurley
       March 16, 2021                Denis R. Hurley
                                             United States District Judge